R. K. MULLIKIN, PLAINTIFF IN ERROR, v. W. T. HARRISON, C. R. HANDLEY, JOSHUA CROSBY AND JOHN SHEPPARD, DEFENDANTS IN ERROR.

## MECHANICS' LIEN—SUB-CONTRACTORS NOT IN PRIVITY WITH OWNER—CONDITIONAL PROMISE—CONSTITUTIONAL LAW.

1. Under the provisions of section 1743 Rev. Stats. of 1892, section 2211, General Statutes of Florida, 1906, the only way that a party not in privity with the owner can acquire the statutory sub-contractor's or material-man's lien therein provided, is by serving the owner or his agent with written notice to the effect that the contractor is indebted to the party giving the notice for labor or material, stating the amount thereof. The statutory lien exists only from the time of the service of such written notice, and only for such amount as may be due and unpaid by the owner to the contractor at the time of the service of such written notice. Such notice also creates a personal liability against the owner to the extent of the amount that he owes and has not paid to the contractor at the time of the service of such notice.

2. Where the owner of a lot contracts with a building contractor for a stated sum for the furnishing of all the materials and labor for the erection of a building on such lot, and, during a short temporary absence of the contractor, agrees with the laborers employed by such contractor to see that they were paid for their work and materials "in the event the contractor did not return," such conditional promise terminates and ceases to be further binding and obligatory upon such owner upon the return and resumption of the contract within a reasonable time by the contractor.

3. Where sub-contractors and material-men employed by the building-contractor, bring suit against the owner, resting their claim against him solely upon an alleged spe-

cial agreement with them by the owner to pay them for
their labor and materials, it is error for the court to
instruct the jury as follows: "If you believe from a
preponderance of evidence that the defendant Mulliken
contracted with the defendant Lowe to construct the
building mentioned in the declaration and that the
defendant Lowe employed the plaintiffs to perform labor
and furnish material in the construction of said build-
ing under said contract, and that they performed said
labor and furnished said material in pursuance thereof,
and have never been paid therefor, then you should
find for the plaintiffs for the value of such labor per-
formed and materials furnished against the defendant."
Such charge ignores the existence of the special agree-
ment declared upon, and ignores the statutory provisions
by which sub-contractors and material-men not in privity
with the owner can under the statute alone acquire a
right of action against the owner.

4. Charges should state the law of the case correctly, and
should be predicated upon the facts in proof, and when
predicated upon a statement of facts contrary to the
uncontradicted and undisputed proofs in the case they
are erroneous.

5. Under a constitution like ours that gives to our circuit
courts jurisdiction both *at law* and *in equity*, and that
recognizes and preserves the line of demarkation between
the two jurisdictions clearly, this court is in serious doubt,
but does not decide, as to the constitutionality of our
legislation permitting two or more persons, having sepa-
rate and distinct claims and statutory liens against the
same defendant, with no jointness or privity of interest
or right as between themselves or their respective claims
or liens, to join in a single suit *at law* against the com-
mon debtor for the enforcement of their *several* and
*respective* claims, and that undertakes to clothe such
court *at law* with authority to adjudge to them and
each of them a *several specific lien* upon *specific real*

> *estate*, and to adjudge the *sale* of that *specific property*
> for the enforcement of such *several specific liens*, as is
> provided for in subdivision four of section 2212 and by
> section 2224, General Statutes of 1906. *Quere*, Is it con-
> stitutionally competent for the legislature to authorize
> our courts *at law* to administer relief so closely resem-
> bling the comprehensive and elastic province of a decree
> *in equity?*

This case was decided by Division B.

Writ of error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*Jos. A. Edmondson,* for Plaintiff in Error;

*Wm. C. Hodges,* for Defendant in Error.

TAYLOR J.: The defendants in error as plaintiffs below
instituted their joint action in assumpsit and for the en-
forcement of alleged mechanics liens on the *law side* of the
circuit court of Leon county against R. K. Mullikin as
owner of a certain building and the lot of land upon which
it stands in the city of Tallahassee, in said county of
Leon, and against L. D. Lowe as contractor for the erec-
tion of such building. The declaration is as follows:
"In the Circuit Court of Florida, 2nd Judicial Circuit,
Leon county, In Law.

W. T. Harrison et al., plaintiffs, vs. R. K. Mullikin, and
R. D. Lowe as contractor, defendants.—Assumpsit and
for enforcement of a lien.

W. T. Harrison, C. R. Handley, Joshua Crosby and

17—S C

John Sheppard, sue R. K. Mullikin and L. D. Lowe as contractor for work done and materials furnished by the plaintiffs for the defendants and each of them separately at their requests:

W. T. Harrison, C. R. Handley, Joshua Crosby and John Sheppard sue R. K. Mullikin and L. D. Lowe as his contractor for money due each of them for labor performed and materials furnished for the masonry work, painting, carpentering and plastering work on the residence of said defendant R. K. Mullikin situate on lot 134 North Addition to the city of Tallahassee, in Leon county, Florida, the said work being performed and the materials furnished during the year of 1905, and at the separate request of L. D. Lowe as contractor and R. K. Mullikin as owner.

And the plaintiffs pray the court for judgment herein and that the said property, to wit: the house situate on lot 134 North Addition to the city of Tallahassee, be sold to satisfy their lien.

And the plaintiffs claim two hundred dollars damages.

Wm. C. Hodges, Attorney for Plaintiffs.

January 1st, 1906.

The following amounts are due W. T. Harrison, C. R. Handley, Joshua Crosby and John Sheppard from R. K. Mullikin and L. D. Lowe as his contractor as follows:

1905.

W. T. Harrison, masonry work and masonry material furnished for residence of R. K. Mullikin, lot 134, N. A. Tallahassee..............$ 54.50

C. R. Handley, for painting residence, materials furnished for same on residence aforesaid...... 28.60

Joshua Crosby, carpenter work and materials furnished on said residence.................... 10.00

John Sheppard, plastering house and material fur-
nished, lot 134 N. A. aforesaid................   11.70

Total ................  ....................$104.80

The defendant, R. K. Mullikin, demurred to the declara-
tion upon divers grounds not necessary to be mentioned,
since none of such grounds, as applied to the case made
by the declaration, are of merit.  The court below over-
ruled this demurrer, upon which the defendant Mullikin
interposed three pleas: The first thereof being a specific
denial that the work, labor and materials sued for was
performed at his request.

The second of said pleas alleges that none of the plain-
tiffs delivered to him a written notice that the defendant
Lowe was indebted to them, or any of them, until after he
had paid Lowe in full for the erection and construction of
the building described in the declaration.

The third plea was "never was indebted as alleged."

The plaintiffs demurred to the second plea above, which
demurrer was sustained.  The trial was had on the declara-
tion and the first and third pleas, and resulted in the fol-
lowing formula of judgment in favor of the plaintiffs:
"Therefore it is considered by the court that the plaintiff,
W. T. Harrison, do have and recover against the defend-
ants, R. K. Mullikin as owner and L. D. Lowe as contrac-
tor, the sum of $28.60, and the plaintiff Joshua Crosby do
have and recover from the defendants, R. K. Mullikin as
owner and L. D. Lowe as contractor, $10.00, and the plain-
tiff John Sheppard do have and recover from the defend-
ants, R. K. Mullikin as owner and L. D. Lowe as contrac-
tor, the sum of $11.70; and that the said plaintiffs have
their execution against the property generally of the said

defendants, and be a lien upon the property of the said defendant R. K. Mullikin, known and described as lot 134, in the North Addition of the City of Tallahassee, Florida."

From this judgment the defendant Mullikin below seeks relief here by writ of error.

The court below, at the trial, gave to the jury the two following instructions:

(1) "If you believe, from a preponderance of evidence, that the defendant Mullikin contracted with the defendant Lowe to construct the building mentioned in the declaration, and that the defendant Lowe employed the plaintiffs to perform labor and furnish material in the construction of said building under said contract, and that they performed said labor and furnished said material in pursuance thereof, and have never been paid therefor, then you should find for the plaintiffs for the value of such labor performed and materials furnished against the defendants."

(2) "If you believe, from a preponderance of evidence, that defendant Mullikin contracted with defendant Lowe to construct said building, and that defendant Lowe employed the plaintiffs to perform labor and furnish material in the construction of said building, in pursuance of his said contract with defendant Mullikin, and that defendant Mullikin had knowledge thereof, and that afterwards said Lowe abandoned his said contract and said Mullikin induced the plaintiffs to continue to perform labor and furnish material in the construction of said building, and has never been paid therefor, then the plaintiffs would be entitled to recover from said defendants the value of said labor and material, and same would be a lien upon said building, notwithstanding the defendant Mullikin paid the defendant Lowe the full amount of

contract price of said building, and you should find for the plaintiffs the value of said labor performed and material furnished." Both of these instructions were excepted to and are assigned as error.

The court below erred in giving each one of said instructions. The record shows that the defendant Mullikin, the owner of the lot and building, contracted with the defendant Lowe as a building contractor to furnish all the labor and materials and to construct his building for a stated sum of money, and that Lowe the contractor employed the plaintiffs to perform labor and to furnish materials in the execution of his said contract, Lowe the contractor being alone responsible to them for the value of their labor and materials by them furnished. There is no privity between the defendant Mullikin and the plaintiffs as sub-contractors or employes of the defendant Lowe, except it be by virtue of the alleged special promise and agreement of Mullikin to pay them for their labor and materials. Under the provisions of section 2211, Gen. Stats. of Fla. of 1906, the only way that a party not in privity with the owner can acquire the statutory lien therein provided is by serving the owner or his agent with written notice to the effect that the contractor is indebted to the party giving the notice for labor performed and material furnished in a sum to be stated. The lien exists for from the time of the service of such notice, and only for such amount as is due and unpaid by the owner to the contractor at the time of the service of such notice. Such notice also creates a personal liability against the owner to the extent of the amount that he owes and has not paid to the contractor at the time of the service of such notice. McDonald & Co. v. Erwin & Singleton, decided here at the present term. The first charge quoted above wholly

ignores this statute and ignores the existence or non-existence of the alleged special promise of Mullikin the owner to pay the claims sued for, and broadly makes the plaintiffs' right to recovery against him to depend solely upon the fact as to whether the alleged work and meterial was done and supplied and whether the same had been paid for to the plaintiffs.

The second charge above is erroneous because it is based upon the hypothesis that Lowe the contractor had abandoned his contract and that Mullikin thereafter and in consequence thereof employed the plaintiffs to perform the labor and to furnish the material sued for. The proofs in the case do not justify this hypothesis of fact, but show uncontradictedly, that Lowe did not abandon his contract, but was absent only a few days, and returned and resumed his contract. The proofs further, without contradiction, show that the only special promise made by Mullikin the owner to these plaintiffs was that he would see them paid *in the event Lowe, the contractor, did not return.* The uncontradicted proofs show that Lowe returned in a few days and resumed charge of the work under his contract, upon which Mullikin's special promise ceased to be further binding or obligatory on him, since the contingency upon which it depended never transpired—the non-return of Lowe.

The court below erred also in the denial of the defendant's motion for new trial on the ground thereof that the verdict of the jury was contrary to the law and to the evidence. The declaration does not allege that the plaintiffs ever gave to the owner Mullikin the required written notice of their claims against the contractor Lowe, neither does it allege that Mullikin was due the said contractor any amount on his contract at the time of the service of

any such notice, but the declaration plants the plaintiffs' right to recovery against Mullikin the owner, and the right to a statutory lien on his property, upon an alleged special agreement with them by Mullikin to pay them, or upon an express employment of them by Mullikin. The uncontradicted proofs show that the only promise made to the plaitiffs by Mullikin was that he would see them. paid in the event Lowe the contractor did not return. The uncontradicted proof shows that he did in fact return, after a absence of a few days, and upon his return resumed charge of the building under his contract. This absolved Mullikin from further liability upon his conditional promise to pay in the event Lowe did not return. Having failed utterly to prove any obligatory promise by Mullikin that would bind him, and having failed to allege and prove that they had served him with any writen notice of their claims against Lowe the contractor, and that at the time of the service of such notices Mullikin was still indebted to Lowe on his contract, the plaintiffs wholly failed to make out a case of liability or lien against Mullikin or his property, and at the close of the evidence the court should have instructed the jury to return a verdict in favor of the defendant Mullikin. The question is not presented or raised here, but the court is impressed with serious doubt as to the propriety of the proceeding adopted in this case from a constitutional standpoint, even though it seems to be expressly sanctioned by the statute, particularly so in regard to the formula of final judgment entered in the cause. Our constitution gives to the circuit courts jurisdiction *at law* and *in equity,* but although both jurisdictions are merged in the same official, the constitution recognizes and preserves the line of demarkation between the two fully intact. In this case we have four several

creditors of the same debtor, with no jointness or privity of interest or right as between themselves or their respective claims, joining in one suit *at law* against the common debtor for the enforcement of their several and respective claims, and praying that *court of law* to adjudge to them and each of them a *several specific lien* upon *specific real estate,* and to adjudge the *sale* of that *specific property* for the enforcement of such *several liens,* and the *judgment* rendered in the case attempts to comply with the demand. While it is but a single formula of judgment, yet in reality it amounts to four several judgments adjudging the recovery against the same defendant of four separate several amounts in favor of as many several creditors. Is it constitutionally competent for the legislature to authorize our courts *at law* to administer relief so closely resembling the comprehensive and elastic province of a decree in equity?

For the errors found the judgment of the court below in said cause is hereby reversed at the cost of the defendants in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J. and COCKRELL and WHITFIELD, JJ., concur in the opinion.