CHARLES G. BELOTE, *Appellant,* v. H. M. CHALIFOUX,
*Appellee.*

Opinion Filed December 22, 1914.

Where a building is constructed under contract with a builder
who is to furnish all material and labor for the entire job for
a stated amount, and material is bought by the builder and
charged to him, and the owner does not directly or indirectly
assume responsibility for material used in the building, and
no notice of lien for such material is given the owner before
the builder is paid in full, persons so furnishing material to
the builder, are not entitled to a lien on the land therefor.

Appeal from Circuit Court for Duval County; Geo
Couper Gibbs, Judge.

Decree affirmed.

*J. M. Carson* and *Bryan & Carson,* for Appellant;

*D. C. Campbell,* for Appellee.

WHITFIELD, J.—A bill in equity was filed by Belote
against H. M. Chalifoux to declare a lien upon real estate
of the defendant for labor and materials furnished in
buildings on said property. An answer was filed con-
testing the rights asserted, replication was filed and a
report was made by a master in favor of the complainant.
The court sustained exceptions to the master's report
and rendered a final decree for the defendant. On appeal
the complainant below assigns error on the action of the
court.

The theory of the bill is that the complainant was in
privity with the defendant in furnishing the labor and
material for which a lien is sought. A careful considera-

tion of the evidence discloses no error in the action of the chancellor in decreeing in favor of the defendant. There is substantial evidence to sustain a finding that the building was constructed by a person who engaged to do the entire job, furnishing all materials, for a stated price, and that the complainant furnished labor and material for the plumbing, &c., pursuant to a contract made with the builder on his own account, and not as agent of the owner. The evidence shows a contract made by the complainant with the builder to do the work and furnish the material in controversy, and there is no showing that the defendant owner of the property in any way become responsible for the material and labor furnished under such contract. It is true payments were made to the complainant by the defendant's checks, but there is evidence that this was done at the request of the builder. There is evidence that the defendant gave some attention to the character of the labor and material furnished and that she gave instructions in the absence of the builder; but the evidence does not show that she directly or indirectly assumed responsibility for the labor and material ordered by the builder who was paid in full by installments as agreed before any notice was given to the defendant owner that the complainant demanded payment of her. There is evidence that the builder did not fully complete the job, and that the plumbing, &c., here in controversy was completed after the builder left the job; but there is also evidence that the last payment made by the defendant to the complainant was made at the request of the builder. Bills for material were made to the builder and not to the defendant, and it does not appear that the builder acted as the agent for the owner in ordering or receiving the material. As the evidence does not show a relation of privity between the complainant and

the defendant, or of principal and agent between the owner and the builder, and as no notice was given as required where no privity exists, there was no error in rendering a decree for the defendant.

Decree affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.