HARPER LUMBER & MANUFACTURING COMPANY, *Appellant,*
v. C. O. TEATE et al., *Appellees.*

Division B.

Opinion filed December 7, 1929.

1056

*Cassells & Trinkle,* of Plant City, and *Whitaker, Himes & Whitaker,* of Tampa, for Appellant;

*Burket & Fish,* and *F. W. Dart,* of Sarasota, for Appellees.

STRUM, J.—This is a suit in equity to enforce a materialman's lien against real property. The appeal is from an order sustaining a general demurrer, interposed by the owner, to the fifth amended bill of complaint.

The amended bill alleges in substance that the defendant C. O. Teate is the owner of the real property in question; that Teate employed Carman Company as general contractor to construct a building on said land; that Carman Company agreed with Teate to furnish materials to be used in the construction of said building, for which Teate agreed to pay Carman Company; that after the agreement was entered into between Teate as owner and Carman Company as contractor, the said Carman Company, on or about July 30, 1924, entered into an agreement with complainant, the latter a dealer in building materials, whereby complainant agreed to furnish Carman Company the materials ·with which to construct said building, Carman Company agreeing to pay complainant the reasonable value thereof; that said materials were furnished by complainant and used in the construction of said building; that there is due to complainant and unpaid the sum of $19,485.57, on account of materials so furnished; that G. L. Miller & Company, one of the defendants, holds a mortgage on said premises, executed by Teate, the owner, while said building was under construction, to secure the principal sum of $150,000.00, the proceeds of which mortgage, by agreement with Teate, the mortgagor, were being disbursed by Miller & Company directly to the contractor, Carman Company, as the work progressed.

The amended bill further alleges: "Your orator further represents that the defendant, C. O. Teate, had notice that your orator was furnishing the said Carman Company with the materials used in the construction of the said building, and that on or about the 26th day of November, A. D. 1924, after the said building was almost completed and while more than $19,485.57 was yet due and payable from the said defendant, C. O. Teate, through the G. L. Miller Bond & Mortgage Company, to the Carman Company, for the construction of the said building, your orator gave written notice to the said C. O. Teate that the said Carman Company was indebted to your orator for the materials used in the sum of $19,485.57, by writing a letter said C. O. Teate, as follows:

November 26, 1924.

C. O. Teate,
G. L. Miller & Co.,
Atlanta, Georgia.
Gentlemen:

Please take notice that the Harper Lumber & Mfg. Company, a corporation of Plant City, Florida, claim a lien over Lots 1, 2 and 6 of the subdivision of Lot 36 and a fraction of Lots 38 and 40 of Block "B" of the plat of Sarasota County, Florida, for $19,485.57 for materials furnished in the building of the Frances Carlton apartment house on the above said property, which materials were furnished the the request of the Carman Company, contractors for said building, of Tampa, Florida.

Attorney for Harper Lumber & Mfg. Company, and by delivery on or about November 26, 1924, to the said C. O. Teate of a copy of the notice of lien, which is attached to the original bill of complaint and marked Exhibit "B," and requested the defendant, C. O. Teate, to withhold from the amount, he, through the G. L. Miller Bond & Mortgage

Company, then owed the said Carman Company, an amount sufficient to cover the indebtedness from the said Carman Company to your orator, and to pay the same; that the said C. O. Teate agreed to and assented to your orator's request and promised to withhold and pay the same to your orator upon the conditions above set forth.''

Exhibit B to the original bill of complaint, referred to in the last quoted allegation of the amended bill, is as follows:

### ''NOTICE

NOTICE is hereby given that Harper Lumber & Manufacturing Company, a corporation, has furnished the material used in the construction of a building situated on the following real estate owned by C. O. Teate for Frances Carlton apartment house in the city of Sarasota, Sarasota County, Florida, to-wit:

Lots 1, 2 and 6 of the subdivision of Lot 36 and fractional part of Lots 38 and 40 of Block ''B,'' plat of Sarasota, Florida, as per plat thereof recorded in Plat book 1, page 4,

for which a balance amounting to nineteen thousand four hundred eighty-five and 57/100 ($19,485.57) dollars is hereby claimed and is now due and actually remains unpaid together with interest at eight per cent per annum from date hereof, and the said Harper Lumber & Manufacturing Company, a corporation, claims a lien for said sum on the property above described with the building situated thereon and intends to hold said lien for said amount.

HARPER LUMBER & MFG. COMPANY,

By: J. E. Cassels, Its Attorney.''

To the notice just quoted is appended the customary oath of the subscriber to entitle the same to record.

Complainant contends that while it has duly perfected its lien as a creditor not in privity with the owner, it is also entitled to a lien as a creditor in privity with the owner by reason of the fact, as alleged in the amended bill, that when on or about November 26, 1924, it served on the owner, Teate, a copy of the notice Exhibit B, it requested the defendant, C. O. Teate, "to withhold from the amount he then owed the said Carman Company, an amount sufficient to cover the indebtedness from the said Carman Company to your orator and to pay the same; that the said C. O. Teate agreed to and assented to your orator's request and promised to withhold and pay the same to your orator * * *." Complainant contends that by the promise of Teate, so alleged, Teate became a primary debtor in privity with complainant and liable directly to complainant, so that complainant is entitled to a lien as a creditor in privity with the owner.

"Privity," as used in Sec. 5380, Comp. Gen. Laws 1927, contemplates that there shall be a direct relationship between the owner and the lien claimant with respect to the furnishing of the materials or performance of the labor involved, so that upon the furnishing of such materials or the performance of the labor a primary and direct liability on the part of the owner to pay for the same will arise by reason of the contract, express or implied, upon which the materials were furnished or the labor performed. As was said of the same statute in Waring v. Bass, 76 Fla. 583, 80 So. R. 514; "Privity * * * implies special or particular knowledge, showing active consent or concurrence."

If a materialman, upon the request or by the authority of the owner, furnishes material to a contractor in reliance upon the promise of the owner, express or implied, to pay for it, credit being extended to the owner, so that the owner becomes a primary debtor and not a mere surety,

the materialman is in privity with the owner within the purview of the lien statutes, and is entitled to a lien for the full amount of the debt notwithstanding he gave no notice to the owner as required by Sec. 5381, Comp. Gen. Laws 1927, as to persons not in privity with the owner. Wahoma Drug Co. v. Kirkpatrick Sand Co. (Ala.), 65 So. R. 825; Delta Lbr. Co. v. Wall (Miss.), 80 So. R. 782; Morris v. Bessemer Lbr. Co. (Ala.), 116 So. R. 528; Janvrin v. Powers, 104 Atl. R. 252; Willer v. Bergenthal, 7 N. W. R. 352; Ambrose Mfg. Co. v. Garpen, 22 Mo. App. 397; Wisconsin Planing Mill Co. v. Grams, 39 N. W. R. 531. See also Mulliken v. Harrison, 53 Fla. 255, 44 So. R. 426; and Belote v. Chalifoux, 68 Fla. 537, 67 So R. 108, in which cases the subject is incidentally adverted to.

In this case, however, it appears that the owner's promise to pay was made "on or about November 26, 1924." The materials had been furnished to and upon the credit of the contractor, not to the owner, prior to that time. If founded upon a good consideration, and if the circumstances of the promise are not obnoxious to the statute of frauds, the owner's promise to pay, made after the materials had been furnished to and upon the credit of the contractor, might support an action in assumpsit against the owner. See Delta Lbr. Co. v. Wall, *supra;* Cincinnati Traction Co. v. Cole, 258 Fed. R. 177; Pocket v. Almon, 96 Atl. R. 421; Moore v. Kirkland (Miss.), 72 So. R. 855; Platt v. Foster (Ala.), 62 So. R. 299; McFarland Lbr. Co. v. Selby (Miss.), 93 So. R. 434; Janvrin v. Powers, 104 Atl. R. 252; 40 C. J. 163.

But privity with the owner, within the meaning of the lien statute, exists only when the creditor, in furnishing the materials or performing the labor, has acted on the owner's obligation, express or implied, to pay therefor as a primary debtor. Admittedly in this case there was no

privity, contractual or otherwise, between the complain-
ant-materialman and the owner until the owner's promise
of November 26, 1924, was made. Since these materials
had been furnished to and upon the credit of the con-
tractor, and not the owner, and prior to the owner's prom-
ise to pay therefor, the materials were not furnished by a
creditor in privity with the owner within the purview of
Sec. 5380, Comp. Gen. Laws 1927. A subsequent promise
by the owner to pay for materials previously furnished to
the contractor, and upon the contractor's credit, can not
operate retroactively to create between the owner and
materialman a state of privity which did not exist at the
time the materials were furnished. Though the lien con-
templated by Sec. 5380, *supra,* in favor of creditors in
privity with the owner, depends upon the existence of a
contract, express or implied, between the owner and the
claimant, the right to the lien is not created by the con-
tract but by operation of the statute upon the relationship
into which the parties have brought themselves. Such a
lien, therefore, is statutory, not contractual, and can not
be created by contract between the parties under circum-
stances other than those contemplated by the statute.
Allardice v. Weatherslow, 124 So. R. 38; Mills v. Britt,
47 So. R. 799; Elliott v. Waites, 124 So. W. R. 992. In
Carney v. Cook, 45 N. W. R. 919, apparently reaching a
different conclusion, the statute under consideration dif-
fered essentially from our statute.

It is, therefore, necessary to determine whether or not
the allegations of the amended bill show that complainant
has acquired a lien as a creditor not in privity with the
owner.

Sec. 5381, Comp. Gen. Laws 1927, provides that a per-
son not in privity with the owner shall acquire a lien as
against the owner "* * * by delivery to him, or his

agent, of a written notice that the contractor or other person for whom the labor has been performed, or materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice * * *.''

The amended bill alleges that complainant, when ''more than $19,485.57 (the amount of complainant's claim) was yet due and payable from the defendant, Teate, to the Carman Company for construction of said building,'' gave written notice to Teate by ''writing'' a letter to Teate which letter has been hereinabove quoted. There is no allegation that the letter was received by or delivered to the owner, Teate. Notice as to creditors and purchasers may be constructive. Sec. 5381, Comp. Gen. Laws 1927; People Bank v. Virginia Bridge Co., 113 So. R. 680. But the notice required by Section 5381, to bind the *owner* as to the claim of one not in privity with the owner, must be a personal notice to the owner (Curtis-Bright Ranch Co. v. Selden, 107 So. R. 679) or his authorized agent. Waring v. Bass, 76 Fla. 583, 80 So. R. 514. So the mere ''writing'' of the letter just referred to is not sufficient notice, it not being alleged that the letter was received by or delivered to the owner or his authorized agent, even if the contents of the letter were sufficient as a notice under the statute, which is not the case. Although it is stated in the letter that Harper Lbr. Co. ''claim a lien'' over the described property for $19,485.57 for materials furnished in a named building, ''which materials were furnished at the request of the Carman Company, contractors for said building,'' there is no statement in said notice to the substantial effect that said Carman Company, the contractor, ''is indebted'' to Harper Lbr. & Mfg. Co. in the sum so stated, which statement is an essential requirement of the statute. See Langford v. South Florida Lbr. Co., 63 Fla. 484, 59 So.

R. 12. Although the notice is not required to follow the precise phraseology of the statute, there must be at least a substantial compliance therewith, by the use of language of equivalent import, in stating that the contractor or other person to whom the materials were furnished "is indebted" to the claimant in a stated amount, or the notice is fatally defective. Ramsey v. Hawkins, 78 Fla. 189, 82 So. R. 823; 40 C. J. 168; Dusick v. Meiselbach, 95 N. W. R. 144; Georgia Lbr. Co. v. Harrison, 136 So. E. R. 199; Wertz v. Lamb, 117 Pac. R. 89; Phillips Mechanics Liens, Sec. 342. Nor does the letter as copied in the amended bill purport to be signed by any person on behalf of complainant, although a signature in the name of complainant by its attorney would suffice. Williams v. Bradford, 21 Atl. R. 331; Carey Lbr. Co. v. Fullenwider, 37 N. E. R. 889; Phillips Mechanics Liens, Sec. 365.

The amended bill further alleges the "delivery" to the owner of a copy of the notice marked Exhibit B, hereinabove quoted, "on the same day" the letter hereinabove referred to was mailed, which was November 26, 1924. This notice, however, also fails to substantially comply with the requirements of Sec. 5381, C. G. L. 1927, as a notice to the owner. Besides stating that the materials were furnished for and used in a named building on described property, this notice further states that there is a balance amounting to $19,485.57 claimed by complainant which "is now due and actually remains unpaid" and that complainant claims a lien for that sum. This notice, however, does not show to whom the materials were furnished, does not give the name of the contractor or person from whom the "balance" in the amount named is claimed, and therefore does not sufficiently show the relations of the parties so that it can be ascertained from whom the balance is due so that it might be ascertained who "is indebted" to complainant. The

statement that the named balance "is hereby claimed and is now due and actually remains unpaid" might be taken as the equivalent of a statement that some one "is indebted" to complainant, but the notice is silent as to the identity of the debtor. It would perhaps be a permissible deduction that the balance "due and actually unpaid," as stated in the notice, is due from the person at whose request the materials were furnished. But this person is not named or identified by the notice, Exhibit B, and therefore the notice can not be held sufficient as a substantial compliance with the requirement of the statute which is that the notice state that "the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials" in a named sum. Necessarily, in order to comply with the statute, the identity of the debtor must appear from the notice. For all that appears from this notice, the materials may have been furnished to any sub-contractor. Trammel v. Hudmon (Ala.) 6 So. R. 4; Darrow v. Morgan, 65 N. Y. 333; Foster v. Wulfing, 20 Mo. App. 85; Barton v. Rose, 85 Pac. R. 1009; 40 C. J. 171, 234, 258; Jones on Liens (3rd Ed.) Sec. 1392; Madera Flume Co. v. Kendall, 52 Pac. R. 304; Keller v. Houlihan, 32 Minn. 486; McGlanflin v. Beeden, 41 Minn. 408. In other respects the notice, while not a model of form, would constitute a sufficient compliance with the statute.

Even if it could be shown by amendment and proof that the letter of November 26, 1924, was actually delivered to the owner, the two attempted notices could not be considered together so that the deficiency in the notice, Exhibit B, could be supplied by interpolating therein the statement contained in the letter that the materials "were furnished at the request of the Carman Company, contractors for said building," because the two writings do not

purport to be parts of the same notice, or together to form one notice to the owner, but are two separate, distinct and unrelated notices, each independent of the other, and hence they can not be fairly construed as one notice. In neither of these notices is there any reference to the other, nor anything to indicate that they were to be considered together, one in conjunction with or in aid of the other. A notice to the owner need not necessarily consist of one paper, but several papers may be conbined where they are so related or connected together as to fairly and reasonably form one notice, and are not confusing or misleading. And of course there is no objection to serving, within the time allowed by statute, an amended notice, complete within itself, to correct a defect in a former notice. But where, as here, a lien claimant, not in privity with the owner, serves upon the owner two separate and unrelated notices claiming a lien for the same account, each notice being independent of and without reference to the other, the two notices can not be considered together for the purpose of determining the sufficiency of notice to hold a lien, but each notice must stand on its own merits, and the lien will not exist unless one of the notices is sufficient in itself. Davis v. Livingston, 29 Calif. 283; 40 C. J. 169; Phillips on Mechanics Liens, Sec. 365; see also Foster v. Wulfing, 20 Mo. App. 85.

As has already been pointed out, the promise of the owner to pay the complainant, made after the materials had been furnished, does not create privity between complainant and the owner in contemplation of the lien statutes so as to dispense with the necessity of a notice of complainant's claim of lien under the statute relating to creditors not in privity with the owner. Under the circumstances alleged in the amended bill, however, the action of the owner in making such promise is not wholly without

effect upon complainant's right to a lien as against the owner.

The notice to the owner required by Sec. 5381, C. G. L. 1927, is for the benefit and protection of the owner. It is a requirement that in so far as his own rights are concerned the owner may waive, and with reference to which he may estop himself. The purpose of the notice is to advise the owner that certain materials or labor have gone into his building and to put him on guard against payments to the general contractor when the latter is indebted to others for such materials or labor.

Mere knowledge on the part of the owner that a certain person is doing work or furnishing materials upon his building will not excuse the giving of the statutory notice by one not in privity with the owner, nor will mere knowledge alone ordinarily operate as a waiver by the owner or as an estoppel against him. But in this case, the amended bill alleges that when the purported but defective notice, Exhibit B, within the time allowed by statute for serving notice on the owner, was delivered to the owner, complainant requested the owner to withhold from them the sums he owed *the contractor* an amount sufficient to pay the same, and that the owner "agreed to and assented to complainant's request and promised to withhold and pay the same to your orator upon the conditions above set forth," which conditions apparently were that the money was to be withheld from the amount the owner, through the Miller Company, the mortgagee, then owed Carman Company, the contractor.

Mere silence at that time on the part of the owner would not have amounted to a waiver of defects in the form of the notice, nor would the owner have been estopped by mere silence to later assert such defects. But when the owner, under these circumstances, and with knowledge of the facts

set out in the purported notice, expressly agreed to with-hold the funds *from the contractor* and pay complainant for the materials furnished as referred to in the purported notice, the owner thereby waived any defects in the form of the notice and estopped himself to thereafter deny that the notice was sufficient in form to bind him. When the purported notice, Exhibit B, was "delivered" to the owner there still remained ample time for complainant to perfect its lien by serving an amended and corrected notice on the owner. Had the owner desired to rely upon the fact that the purported notice did not identify the person from whom the indebtedness was due to complainant, he could have done so either by then asserting the deficiency or remaining silent. Had the owner merely remained silent, the com-plainant would have had to suffer the consequences of the deficiency in its attempted notices. But by his action in promising to pay complainant's claim when the purported notice thereof was served upon him and he was requested to pay the amount in question, the owner lulled complain-ant into a sense of security until it was too late to serve a new notice, no objection to the form of notice having been raised by the owner, so far as the pleadings show, until this suit was brought. The owner therefore, as to his own rights, and upon the pleadings now before us, must be held to be estopped to question the sufficiency in form of the notice, especially in the absence of any showing that he has been misled to his prejudice without any fault on his own part. The insufficiency in form of the notice is not a mat-ter about which the owner can now complain, when with knowledge of the facts as shown by the amended bill, he impliedly admitted by his express promise to pay that com-plainant's claim was correct, that the materials went into his building, and that he is chargeable with them. Hummel v. Field, 256 So. W. R. 515; Buckley v. Taylor, 11 So. W.

R. 281; Mesta Mach. Co. v. Dunbar Furnace Co., 95 Atl. R. 585; Delta Lbr. Co. v. Wall (Miss.), 80 So. R. 782; Janvrin v. Powers, 104 Atl. R. 252; Brown v. Haddock, 85 N. E. R. 573; 40 C. J. 164, 168, 209, 234. See also Waters v. Johnson, 96 N. W. R. 504; Shorthill Co. v. Bartlett, 108 N. W. R. 308, and Boyd v. Basnett, 16 N. Y. S. 10, which recognize the principle though some of the latter cases hold there was no waiver under the facts presented in those cases.

Of course such waiver on the part of the owner extends only to the rights of the owner. It will not affect the rights of other creditors or third parties generally. The rights and priorities of creditors and third parties will be controlled by the provisions of the statutes relating to those matters.

While the amended bill is not to be commended as a model of pleading, it is not wholly without equity. The order sustaining the owner's general demurrer and dismissing the bill is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.