Herbert H. Myers, *Appellant*, vs Thomas H. Harkins, *Appellee.*
136 So. 382.
En Banc.
Opinion filed July 28, 1931.

*Robert M. Thomson, Miller & McKay* and *H. Reid De Jarnette,* for Appellant;

*Stuart McKenzie,* for Appellee.

Buford, C.J.—Thomas H. Harkins exhibited his bill of complaint in the Circuit Court of Dade County to enjoin the sale of certain real estate which was offered for sale under a judgment and execution issuing out of the Civil Court of Record for Dade County on July 19, 1929, in the sum of $2240.22, together with interest and costs. The bill alleges in effect that on April 15, 1926, Sidonia Apartment Corporation made, executed and delivered to John R. Harkins a mortgage in the sum of $40,000.00, pledging certain real estate described therein; that prior to the execution and delivery of the mortgage one Herbert

H. Myers, appellant here, on the 25th day of March, 1926, filed a certain notice of lien for material and labor furnished by him for the erection of a building on the lots described in the bill; that the notice of lien was recorded; that the lien was directed to Leon H. Watson, Inc., who was the general contractor of the building, and the Sidonia Apartment Corporation, the owner of the real estate. The bill alleges that Myers was a sub-contractor under the general contractor. The bill further alleges that on April 12, 1926, a bond was executed in the sum of $2200.00 under provisions of Section 3532 R. G. S., 5396 C. G. L., for the purpose of releasing the real estate from the operation and effect of the lien; that prior to the execution of the mortgage Harkins procured an abstract of title which showed the record of the bond purporting to discharge and release the lien; that John R. Harkins foreclosed his mortgage and the property was sold under decree of the court and Thomas H. Harkins was the purchaser at such sale; that Myers under and by virtue of the execution issued from the Civil Court of Record on the judgment obtained therein had levied upon and advertised for sale the property. Myers answered the bill and there was a motion to strike paragraphs 3, 4, 7 and 8 of such answer. The motion to strike was granted. From this order appeal was taken.

It is necessary to set out the allegations of the answer contained in the respective 3, 4th, 7th and 8th paragraphs, which were as follows:

3. "This defendant admits that he executed and filed the notice of lien as alleged in paragraph 2 of the bill of complaint, but denies that he was a sub-contractor as alleged in said paragraph 2; but says that he began the performance of labor and furnishing of materials on said apartment house at the instance of and under contract with LEON H. WATSON, INC., a Florida Corporation; but that prior to the completion of said work and fulfillment of the terms of the said contract, said Leon H. Watson, Inc., abandoned said

construction and said Sidonia Apartment Corporation, being the owner of said real estate, in consideration of the completion of the said work agreed upon by virtue of said contract between Leon H. Watson, Inc., and this defendant, Herbert H. Myers, agreed to pay this defendant the balance due on said contract, and adopted said contract as the contract of Sidonia Apartment Corporation. This defendant, further answering, says that the notice of lien filed by this defendant was filed solely for the purpose of protecting this defendant pending a settlement with said owner of said real estate, the said Sidonia Apartment Corporation, a Florida Corporation, which sum represented an offer made by this defendant to said owner of said real estate by way of settlement; but this defendant says that said offer was not accepted by said owner of said real estate, and that thereupon this defendant withdrew said offer and insisted upon payment in full of all sums due this defendant, and thereupon filed suit in the Civil Court of Record in and for Dade County, Florida, as will hereinafter more fully appear.

4. This defendant is informed that said bond, alleged in Paragraph 3 of the Bill of Complaint, was executed and filed, but this defendant denies that said bond operated as the release of the statutory lien of this defendant which accrued by virtue of the furnishing of materials and labor under contract with said owner of said real estate, said Sidonia Apartment Corporation, a Florida Corporation.

7. This defendant admits the filing of suit as, alleged in paragraph 6 of the Bill of Complaint, but denies that said suit had any connection with said notice of lien as alleged in said Bill of Complaint; or that said suit was filed upon said record lien, which in said Paragraph 6 to have been discharged. This defendant admits the rendering of a verdict as alleged in said Paragraph 6, and admits the entering of final judgment on said verdict as alleged in said Paragraph 6. This defendant expressly denies that said complainant had no notice of the institution of said suit or of the furnishing of labor and materials, as will hereinafter more fully appear.

8. This defendant denies Paragraph 7 of the Bill of Complaint, and demands strict proof thereof.

Further answering, and by way of affirmative relief, this defendant says that on or about the 15th day of January, A. D. 1926, said Leon H. Watson, Inc. entered into a contract with this defendant for the performance of labor and furnishing of materials in the construction of Sidonia Apartment building on Lot Four (4) Block Twenty-eight (28) of Douglas Section of Coral Gables, according to plat thereof recorded in Plat Book 11 at page 59 of the Public Records of Dade County, Florida, as will more fully appear by photostatic copy of said contract which is attached hereto, made a part hereof and marked Exhibit 'A'. This defendant says that subsequent to the execution of said contract and prior to the completion of the work under and by virtue of said contract, the said Leon H. Watson, Inc. abandoned said construction, and the owner of said premises, the said Sidonia Apartment Corporation agreed with this defendant to pay the balance due under said contract, heretofore mentioned, if this defendant would complete the work agreed upon under said contract; that thereupon this defendant, by virtue of said agreement with said Sidonia Apartment Corporation completed said work on the 13th day of February, A. D. 1926; that on the 13th day of February, A. D. 1926, there was due and owing to this defendant the sum of Two Thousand Nine Hundred Forty and 22/100 ($2,940.22) Dollars for labor and materials furnished as aforesaid; that thereupon said Sidonia Apartment Corporation paid to this defendant the sum of Seven Hundred ($700.00) Dollars, leaving a balance due this defendant of Two Thousand Two Hundred Forty and 22/100 ($2,240.22) Dollars; that although this defendant demanded said moneys from said Sidonia Apartment Corporation, said corporation failed to pay said sums; and this defendant on, to-wit: the 19th day of August, A. D. 1926, the same being less than twelve (12) months from the date of the last furnishing of said materials, filed suit in the Civil Court of Record in and for Dade County, Florida, against Leon H. Watson, Inc. and Sidonia Apartment Corporation, known as case No. 1900, for the fore-

closure of his said lien, hereinabove alleged, and prayed that said premises hereinabove described be sold to satisfy said lien. That subsequently to-wit: on the 19th day of July, A. D. 1929, said cause came on to trial before a jury in said Court, and judgment was rendered against said defendants, Leon H. Watson Inc. and Sidonia Apartment Corporation for the sum of Two Thousand Two Hundred and Forty and 22/100 ($2,240.22) Dollars principal, Six Hundred Fifteen and 32/100 ($615.32) Dollars interest, and $........ costs as will more fully appear by said judgment, ready to be produced in court herewith, and by a copy thereof which is attached to the Bill of Complaint as Exhibit 'C' and expressly made a part hereof. This defendant, further answering, says that said apartment building was under construction from the......day of........, A. D. 1926, until the......day of........, A. D. 1926; that during the course of said construction, said Sidonia Apartment Corporation made, executed and delivered on, to-wit: the 15th day of April, A. D. 1926, a certain mortgage deed to John R. Harkins, mortgaging and conveying the said real estate, heretofore described, to said John R. Harkins to secure an indebtedness in the sum of Forty Thousand ($40,000.00) Dollars, as will more fully appear by photostatic copy of said mortgage, which is attached hereto, made a part hereof and marked Exhibit 'B'. This defendant says that by reason of the facts hereinbefore alleged, said complainant's grantor had notice of the furnishing of materials and performance of labor on said apartment building, and by reason thereof said interest of said complainant's grantor was subsequent, subordinate and inferior to the lien of this defendant.

This defendant further says that on the 4th day of October, A. D. 1928, this defendant filed and recorded in the office of the Clerk of the Circuit Court in and for Dade County, Florida a Notice of Lis Pendens dated the 2nd day of October, A. D. 1928, which notice of Lis Pendens was recorded in Lis Pendens Book 29, page 312, as will more fully appear by photostatic copy of said notice of Lis Pendens, which is attached hereto, made a part of this answer and marked Exhibit 'C'. That by reason of the filing of said Lis Pendens, this

defendant says that all persons acquiring said title subsequent to the filing of said Lis Pendens had notice of the pendency of the suit of this defendant in the Civil Court of Record, as hereinabove alleged.

This defendant further says that subsequent to the filing and recording of said Lis Pendens, hereinabove mentioned, said complainant, Thomas H. Harkins, became the owner in fee simple of the premises hereinabove described by virtue of said Warranty Deed executed by said John R. Harkins, dated the 12th day of December, A. D. 1928, and recorded the 20th day of December, A. D. 1928, in Deed Book 1271, page 268 of the Public Records of Dade County, Florida, as will more fully appear by photostatic copy of said Deed which is attached hereto, made a part of this answer, and marked Exhibit 'D'. This defendant avers that the right, title and interest of said complainant, Thomas H. Harkins, in and to the premises, hereinabove described, is subsequent, subordinate and inferior to the lien of this defendant and to the lien of said judgment rendered in said Civil Court of Record, as hereinabove alleged.''

As hereinbefore stated, the mortgage to Harkins was dated April 15, 1926, and filed for record in the office of the Clerk of the Circuit Court in and for Dade County on April 21, 1926.

The judgment was entered in July, 1929.

It will be observed that in the eighth paragraph of the answer it is alleged that the lien claimant completed the work for which he claimed a lien on the 13th day of February, 1926, and that he filed suit to enforce the payment of the indebtedness incident to materials furnished for the construction of the building on the 19th day of August, 1926. The mortgage was made and recorded between those dates and, therefore, became a lien prior in dignity to the lien of the lien-claimant unless the lien-claimant had prior to the creation of the mortgage lien filed a notice of lien, as required by statute.

The defendant in the quoted paragraphs of his answer denied that he was relying upon the notice of lien which

he had filed. The notice was in words and figures as follows:

"NOTICE OF LIEN TO LEON H. WATSON, INC., and SIDONIA APARTMENTS, INC., and All Other Persons Concerned:

NOTICE IS HEREBY GIVEN, that Herbert H. Myers has furnished material and performed work and labor in the amount of $1,100.00 in, on and about the erection of the building or buildings lying and being in Dade County, Florida, to-wit:

Lot Four (4) of Block Twenty-eight (28) of DOUGLAS SECTION, of the City of Coral Gables, Dade County, Florida,

That the said sum of $1,100.00 is now due and unpaid, and it is the intention of Herbert H. Myers and he does hereby claim lien on the above described property in the said amount for the labor and material furnished delivered and used as aforesaid.

Herbert H. Myers.

STATE OF FLORIDA
COUNTY OF DADE.

Before me the undersigned authority this day personally appeared Herbert H. Myers, who after being duly sworn deposes and says that the amount of said lien is true and correct and that the labor and material as aforesaid has been furnished, delivered and used, the last of same within ninety (90) days from the date of this document.

Sworn to and subscribed before me this 25th day of March, A. D. 1926, at Miami, Dade County, Florida.

L. Hinton Smith
Notary Public, State of Florida at large. My commission expires Jan. 31, 1931.

(N. P. SEAL)

Filed Mar. 25, 1926, at 3.06 o'clock P. M. and recorded in the book noted above. Geo. F. Holly, Clerk Circuit Court, Dade County, Florida."

The notice fails to show to whom the materials were furnished. It does not give the name of the contractor or person from whom the balance in the amount named is

claimed and was, therefore, fatally defective because of non-compliance with section 3518 R. G. S., 5381 C. G. L.

It is well settled in this State that a notice of lien to be binding upon subsequent purchasers and creditors must strictly comply with the statute. Harper Lbr. & Mfg. Co. vs. Teat, 98 Fla. 1055, 125 Sou. 21, and cases there cited.

The record shows that in the suit which resulted in a judgment with a lien thereby established against the property Herbert H. Myers was plaintiff and Leon H. Watson, Inc. and Sidonia Apartment Corporation were defendants and that in the suit a bond was filed by Leon H. Watson, Inc. as principal with Metropolitan Casualty Co. of New York as surety, the condition of which bond was as follows:

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas the said Herbert H. Myers did on the 25th day of March, A. D. 1926, file in the office of the Clerk of the Circuit Court in and for Dade County, Florida, a certain Notice of Lien, claiming the amount of One Thousand One Hundred ($1,100.00) Dollars, for work done and material furnished in the construction of certain buildings upon

Lot Four (4), of Block Twenty-eight (28) of, Douglas Section of the City of Coral Gables, Dade County, Florida,

158 Page 158

AND WHEREAS Leon H. Watson, Inc., a Florida corporation, the owner of said property, desires to avail himself of the provisions of section 3532 of the Revised General Statutes of the State of Florida of 1920, relative to releasing said property from said lien claim in the amount of $1,100.00.

NOW, THEREFORE, If the said Leon H. Watson, Inc., a Florida corporation, shall pay any judgments which may be recovered on said lien with costs, then this obligation shall be void, otherwise to remain in full force and virtue.

LEON H. WATSON, INC.

(Corp. Seal)          By L. H. Watson, (SEAL)

THE METROPOLITAN CASUALTY INSURANCE
COMPANY OF NEW YORK,
By A. M. Ducey (SEAL)
Atty.-in-fact.
(Corp. Seal)
Executed in the presence of:
    E. B. Saite
    Edward R. Frey.
The foregoing bond was approved by me and filed in my office on the 12 day of April, A. D. 1926.
GEO. F. HOLLY, Clerk of the Circuit
Court in and for Dade County, Florida.
By L. C. Woodward,
Deputy Clerk.''
(CT. CT. Seal)

Whether or not this bond had the effect of releasing the lands described therein, which are the same as those involved in this suit, from the force and effect of any lien which may have been created by the filing of notice of lien is not necessary to be determined here.

In Fidelity Casualty Company of New York vs. Morrison Construction Co., Inc., 99 Fla. 309, 126 Sou. 151, this Court held:

> ''When a valid bond is given by an owner pursuant to section 5396 C. G. L. 1927, for the purpose of releasing his land from a statutory lien for materials or labor furnished, the effect of the bond is to release the land from the lien, substituting for the land a contract of indemnity.''

Here the record shows that the bond was not executed by the owner of the lands involved but was executed by the contractor. The method by which a lien may be applied as against land and the method by which such lien may be released are both statutory and the statutes in either regard must be strictly complied with.

While, if the judgment declaring a lien on the property was erroneous as between the parties, it became valid and binding as between them when the time within which a writ of error might have been taken expired.

But, such judgment is of no force and effect as against the complainant in this suit who was not a party to that suit and in no way deprived this complainant of the priority of his mortgage lien.

The paragraphs of the answer which were stricken set up no defense to the bill of complaint, and, therefore, there was no error in the order striking the same.

The order appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.