### In the Matter of LISTLE SHREEVES CORP., Debtor.

### David GORMAN, Trustee, Plaintiff,

### v.

### FLORIDA WHOLESALE CARPETS, et al., Defendants.

### Bankruptcy No. 80–18.
### Adv. No. 80–233.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1983.

See also, Bkrtcy., 20 B.R. 421.

Jary C. Nixon, Tampa, Fla., for plaintiff.

Willis F. Werder, Clearwater, Fla., for defendant Const. Equip.

Michael A. Linsky, Tampa, Fla., for defendant, Wholesale Bldrs.

Larry B. Roberts, Seminole, Fla., for defendant, Florida Wholesale.

J. Paul Raymond, Clearwater, Fla., for defendant, Deem Cabinets.

Larry M. Segall, Tampa, Fla., for defendant, Edsel Lamont.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER in controversy involves the validity of a mechanics lien claim of the Defendant, Deem Cabinets, Inc. (Deem). The adversary proceeding was instituted by David Gorman, the Trustee for the estate of Listle Shreeves Corp. (the Debtor). It is the Trustee's contention that certain monies placed in the registry of the Circuit Court for Pinellas County, Florida are properties of the estate free from any lien claim of Deem who has nothing more than a general unsecured claim against the Debtor.

The Trustee originally named numerous other materialmen as defendants, but his claim against the others have been resolved in a previous proceeding. This leaves for consideration the validity of the lien claim of Deem.

The facts relevant to the resolution of this controversy as established at the final evidentiary hearing are as follows:

At the time pertinent, the Debtor was a general contractor and entered into a construction contract with Mr. and Mrs. Brancato. As part of this construction project the Debtor subcontracted with Deem for the manufacturing and installation of kitchen cabinets in the house of the Brancatos. It is without dispute that Deem did not have any contractual relationship with the Brancatos although it is equally clear that the Brancatos were aware of the fact that Deem was a subcontractor on the construction of their home. The proposal to install the cabinets was submitted to the Debtor and not to the Brancatos (Pl's Exh. # 2). All purchase orders were issued by the Debtor to Deem (Pl's Exh. # 3 and # 4). Deem executed a waiver of lien in order to receive a progress payment (Pl's Exh. # 5).

It is equally clear that the Brancatos visited Deem's showroom, selected the cabinets, contacted Deem directly concerning

some corrective work (Def's Exh. # 1) and had several telephonic contacts with Deem concerning delivery dates.

On December 27, 1979, Deem filed a claim of lien on the Brancatos' home (Pl's Exh. # 1). The Brancatos bonded off all lien claims by depositing in the registry of the Circuit Court monies sufficient to satisfy the lien claims including the lien claim of Deem.

Thereafter, Deem filed a lien foreclosure action against the Brancatos who, having bonded off the liens, did not appear and did not defend the lien foreclosure action.

The Debtor was not named as a defendant in that action. On March 17, 1981, the Circuit Court entered a Final Judgment by Default against the Brancatos by virtue of the Claim of Lien recorded in the Public Records of Pinellas County and directed the Clerk to pay the amount of $4,723.04 to Deem. Neither the Debtor nor the Trustee were parties to this lien foreclosure action and although the Trustee filed a suggestion of bankruptcy in the foreclosure action, he was not brought in as a Defendant. The Judgment was entered after the commencement of the case of the Debtor and was obtained by Deem without obtaining relief from the automatic stay. Thus, it is evident that the Final Judgment obtained by Deem had no effect on any right the Trustee might have to the funds placed in the registry and cannot foreclose any further inquiry in this matter either on the principle of res judicata or collateral estoppel.

In light of the undisputed fact that Deem did not give notice to the Brancatos, Deem's lien claim cannot be sustained unless the evidence presented by Deem established that there was "privity" between Deem and the Brancatos.

Section 713.05 Fla.Stat. (1981) provides as follows:

"A materialman or laborer, either of whom is in privity with the owner, . . . shall . . . have a lien on the real property improved for any money that is owed to him for labor, services, materials, or other items required by or furnished in accordance with, the direct contract . . ."

The Mechanics Lien Law of this State, Ch. 713, does not define the term "privity" but the term was construed by the Florida Supreme Court first in *First National Bank of Tampa v. Southern Lumber & Supply,* 106 Fla. 821, 145 So. 594 (1932) and then again in *Foley Lumber Co. et al v. Koester et al,* 61 So.2d 634 (Fla.1952). As stated in *Foley:*

"In order to create privity under the lien statute, there must be, in addition to knowledge of the owner that a certain person is furnishing labor or material for the contractor to be used in the execution of his contract, an express or implied assumption by the owner of a contractual obligation to pay for the labor or materials furnished. See, *Harper Lumber & Mfg. Co. v. Teate,* [98 Fla. 1055, 125 So. 21], *supra.* While such privity may be made out by circumstantial, as well as direct and positive, evidence, the ultimate conclusion must be made to appear that the owner voluntarily put himself in such situation toward the materialman or laborer as to make him liable on an implied agreement to pay for the labor or material furnished, not as a secondary, but as a primary debtor on the account." *Id.* at 639 (citing *First National Bank of Tampa, supra* 145 So. at 596).

Considering the relevant facts of this case in light of these legal principles, this Court is satisfied that there is no sufficient evidence in this record to support the conclusion that the Brancatos voluntarily put themselves in the position as to make them liable to Deem not as a *secondary,* but as a primary debtor on the account (emphasis supplied). *Foley Lumber, supra,* thus established the privity required for the acquisition of a valid lien claim.

This being the case, the lien claim of Deem cannot be sustained.

A separate final judgment will be entered in accordance with the foregoing.