402 So.2d 464 (1981)
BROWARD ATLANTIC PLUMBING CO., D/B/a Atlantic Plumbing Co., Appellant,
v.
R.L.P., INC., Simon Konover, Robert L. Patron and Marvin M. Patron, Appellees.
No. 79-613.
District Court of Appeal of Florida, Fourth District.
July 22, 1981.
Rehearing Denied September 9, 1981.
*465 Romney C. Rogers of Rogers, Morris & Ziegler, Fort Lauderdale, for appellant.
Glenn N. Smith and Kathleen V. McCarthy of Ruden, Barnett, McClosky & Schuster, Fort Lauderdale, for appellees.
HURLEY, Judge.
Atlantic Plumbing appeals from a final judgment denying foreclosure of its mechanic's lien. Although the court entered a money judgment for Atlantic against the corporate defendant, it refused to grant a mechanic's lien or to enter a judgment against the individual defendants. Its ruling was based on the finding that Atlantic had failed to serve a notice to owner as required by Section 713.06(2)(a), Florida Statutes (1975), and had failed to establish privity between the plaintiff/subcontractor and the defendant/owners. We reverse on the issue of privity.
Atlantic Plumbing entered into a contract with R.L.P., Inc., to supply and install plumbing fixtures in a real estate project, Patron Village. The sole stockholders, officers and directors of R.L.P., Inc., were the owners of Patron Village  Simon Konover, Robert L. Patron and Marvin M. Patron. Since R.L.P. did not possess a general contractor's license, it hired Deyo Construction Company as the official contractor. Deyo, however, did not actively participate in construction and simply visited the site about once a month. In contrast, Robert Patron, president of R.L.P. and co-owner of Patron Village, was on the job daily acting as the general contractor.
Atlantic Plumbing substantially completed its contract, leaving only the installation of 24 dishwashers which Atlantic claims were not timely brought to the job site by R.L.P. It then demanded payment and, when Robert Patron refused, Atlantic filed a claim of lien followed by a suit to foreclose its mechanic's lien and recover a money judgment against R.L.P. and the individual owners. Robert and Marvin Patron and Simon Konover raised an affirmative defense of failure to give notice to owner under Section 713.06(2)(a), Florida Statutes (1975).
After a non-jury trial, the court entered final judgment against R.L.P., Inc. for the amount claimed less a set off for work not completed. It refused, however, to foreclose the mechanic's lien on the owners' property or to enter judgment against the individual defendant/owners, finding that Atlantic had failed to serve the notice to owner which section 713.06(2)(a) requires materialmen and laborers not in privity with the owner to serve, or to establish such *466 privity between the plaintiff/subcontractor and the individual defendant/owners as would eliminate the notice requirement.
We find Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969), to be controlling. There, the court emphasized that the purpose of the notice to owner requirement relevant to those not in privity with the owner is "to protect an owner from the possibility of paying over to his contractor sums which ought to go to a subcontractor who remains unpaid." It determined that such purpose is fulfilled, and privity is shown, where there is identity of owner and contractor. In such a situation, filing of the notice is not required.
It is undisputed that the three owners in the instant case were also the principals in the contracting corporation. Adopting the reasoning in Boux v. East Hillsborough Apartments, Inc., supra, we conclude that Atlantic has demonstrated its privity with the owners and, consequently, notice to owner was not required.
Accordingly, we reverse and remand for further proceedings consistent herewith.
Reversed and Remanded.
MOORE, J., concurs.
BERANEK, J., concurs in conclusion only.