470 So.2d 717 (1985)
FLORIDAIRE MECHANICAL SYSTEMS, INC., Appellant,
v.
ALFRED S. AUSTIN-DAPER TAMPA, INC., a Florida General Partnership, Appellee.
No. 84-992.
District Court of Appeal of Florida, Second District.
March 1, 1985.
Rehearing Denied May 1, 1985.
Wm. Earle Tucker and R. Wade Wetherington of Gibbons, Tucker, Miller, Whatley & Stein, P.A., Tampa, for appellant.
David A. Maney and Debbie K. Russell of Maney and Demsker, Tampa, for appellee.
PER CURIAM.
Affirmed.
RYDER, C.J., and GRIMES and SCHOONOVER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant, a subcontractor, was not fully paid by the contractor for services in the construction of an office building for appellee, the owner. Therefore, appellant sought to impose a mechanic's lien against the appellee's building. Appellant's suit against the appellee was dismissed because of the failure to timely serve a notice to owner required by section 713.06(2), Florida Statutes (1979), and this court affirmed.
On rehearing, appellant strenuously argues that because Alfred S. Austin was one of the two partners of appellee and its managing agent and was also a 96% stockholder and president of the contractor, our decision conflicts with Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969), and Maule Industries, Inc. v. Gaines Construction Co., 157 So.2d 835 (Fla. 2d DCA 1963). We find no conflict with either decision.
*718 In Boux the absence of the statutory notice to owner was rendered irrelevant because the subcontractor was deemed to be in privity with the owner by virtue of the fact that the owner was a wholly owned subsidiary of the contractor. Here, the interests of Alfred S. Austin in the appellee and the contractor did not create an identity of relationship between the two which would put the subcontractor in privity with the appellee. According to the supreme court, privity between a subcontractor and an owner under the mechanic's lien statute contemplates the express or implied assumption by the owner of a contractual obligation to pay for the subcontractor's services. Foley Lumber Co. v. Koester, 61 So.2d 634 (Fla. 1952).
While not dealing with the mechanic's lien statute, the relationship between the owner and the contractor in Maule was more akin to the instant case in that one man was the president and primary stockholder of both the owner and the contractor. The service of a contractually required notice on that man was deemed to constitute service on both the owner and the contractor. In the instant case, however, no notice to owner was timely served on either the owner or the contractor. As we explained in Bishop v. James A. Knowles, Inc., 292 So.2d 415 (Fla. 2d DCA 1974):
The statutory intent appears clear. The notice is more than written advice that a particular subcontractor is working on the job. If this were the only purpose, there would be many instances where there would be no need for the notice to be served because owners often have knowledge of the identity of one or more of the subcontractors involved in the construction of their building. The notice of intent to claim a lien is a notification that pursuant to the statute the subcontractor is looking to the owner for payment.
292 So.2d at 417.
MOTION DENIED.
RYDER, C.J., and GRIMES and SCHOONOVER, JJ., concur.