512 So.2d 1156 (1987)
OHIO CASUALTY INSURANCE COMPANY, Appellant,
v.
OAKHURST HOMES, INC., and Abaco Aluminum Company, Inc., Appellees.
No. 87-1028.
District Court of Appeal of Florida, Second District.
September 25, 1987.
*1157 Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellant.
Edward L. Wotitzky of Wotitzky, Wotitzky, Wilkins, Frohlich & Jones, Punta Gorda, for appellee Oakhurst Homes, Inc.
Michael B. McIver of Aloia, Dudley, Roosa, Cottrell, Sutton and McIver, Cape Coral, for appellee Abaco Aluminum Co., Inc.
LEHAN, Judge.
An insurance company which issued the surety bond to which mechanics lien claims were transferred appeals from an order finding the company liable for an amount in excess of the amount of the bond. We reverse.
The order from which this appeal is taken states that the company is jointly and severally liable, together with the principals on the bond, to pay judgments totaling $25,504.92. However, it is undisputed that the amount of the bond was $12,850.70. Appellant and appellees concede that the amount of costs and attorney's fees for which the surety company could be held liable in excess of the amount of the bond could not exceed $100. See Gulfstream Pump & Equipment Co. v. Grosvenor Development, Inc., 487 So.2d 330 (Fla. 2d DCA 1986). Upon the lienholder's filing of a motion to increase security pursuant to section 713.24(3), Florida Statutes (1985), a trial court can order the party providing the bond to purchase either an additional bond or an increase in the existing bond, or to otherwise provide increased security for the loan. The trial court cannot, as it did in this case, increase the liability of the security company beyond the amount of the bond. See Gulfstream Pump. We do not conclude that Brickell Bay Club, Inc. v. Ussery, 417 So.2d 692 (Fla. 3d DCA 1982), is to the contrary.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and SCHOONOVER, J., concur.