DANIEL, Chief Judge.
Tom King appeals from a summary judgment granted Brickellbanc Savings Association (Brickellbanc) in a consolidated action below.
King agreed to provide labor and materials for a project known as Treetop Development (Treetop). The agreement was signed by Kevin Harris (Harris) as agent for King and by Greg Spatz (Spatz) for Bonneville Construction Group, Inc. (Bonneville). According to the pleadings, Spatz represented to Harris that he was the sole owner of Bonneville and that Bonneville was the owner of Treetop. King further alleged that, throughout the course of the project, Spatz continued to represent himself as the owner of Treetop, approved all changes to plans and specifications of Treetop, issued written change orders and otherwise undertook all responsibility normally exercised by the owner of a project. King did not file a notice to owners because he believed, based on Spatz’s representations, that he was in privity with the owner.[1]
King furnished goods and materials valued at $42,366.35 to the project for which he was not paid. As a result, King recorded a claim of lien and filed suit to foreclose the lien in one of the actions consolidated below.
The other action was by Brickellbanc Savings Association as a creditor of Treetop. Upon the failure of Treetop to make payments to Brickellbanc, Brickellbanc filed a foreclosure action which was consolidated with King’s lien foreclosure. Brick-ellbanc moved for summary judgment on the basis that King failed to file a notice to owner as required by section 713.06(2)(a), Florida Statutes (1987). In response King filed an affidavit of Harris supporting King’s assertion that Bonneville was an agent of Treetop and that Spatz signed the contract on behalf of Bonneville; the affidavit further stated that Spatz had previously represented to King’s agent that Bonneville owned the real estate (Treetop Development). The trial court granted the summary judgment in favor of Brickell-banc and against King.
The question of privity between King and Treetop is the key to the outcome of this matter. Section 713.05, Florida Statutes (1987) provides that if privity exists between the lienor and owner, the lien- or is not required to serve a notice to owner. If no privity exists, section 713.-06(2)(a) requires that lienors, except laborers, “shall be required to serve a notice on the owner_” The purpose of such notice requirement is “to protect an owner from the possibility of paying over to his contractor sums which ought to go to a subcontractor who remains unpaid.” Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969). Notice is unnecessary where the materialman is in privity with the owner’s agent. See Maule Industries v. Trugman, 59 So.2d 27 (Fla. *606 1952). See also Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984) (when, in the usual course of business of a corporation, an officer or other agent is held out by the corporation or has been permitted to act for it or manage its affairs in such a way as to justify third persons who deal with the agent in inferring or assuming that the agent is doing an act within the scope of his authority, the corporation is bound thereby).
King’s complaint alleged that Bonneville was Treetop’s agent for the purpose of constructing improvements to the property. Brickellbanc denied these allegations. The facts set forth in Harris’ affidavit raise a genuine issue of material fact. Therefore, the entry of summary judgment by the trial court was error.
Accordingly, the summary judgment issued by the trial court is reversed and this matter remanded for further proceedings.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.

. See § 713.05, Fla.Stat. (1987).