559 So.2d 1242 (1990)
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant,
v.
LA CENTRE TRUCKING, INC., Appellee.
No. 88-2046.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Rehearing Denied May 24, 1990.
*1243 Jesse H. Diner, Cindy Vova-Kratish and David B. Mankuta of Atkinson, Jenne, Diner, Stone & Cohen, P.A., Hollywood, for appellant.
Joseph R. DeLucca, Boca Raton, for appellee.
PER CURIAM.
Appellant, the surety of the property owner, challenges the trial court's entry of summary judgment on a mechanic's lien because the lien was not properly perfected by service of a notice to owner. We affirm. We agree with the trial court that the undisputed proof of service of the notice on the Baumann Organization constituted sufficient notice, under the facts of this case, to Stanley Baumann, the actual property owner and sole owner of the Baumann Organization. Baumann's deposition makes it clear that he and the organization did business out of the same office and that the Baumann Organization was acting as his agent for the development in question. Importantly, he conceded that a procedure for the receipt and disposition of notices to owner was established for the project and receipt of the notice in question was received pursuant to that procedure. In addition, it appears from the exhibits attached to the answer filed to appellee's claim, that the Baumann Organization was designated and signed contracts as the owner of the property being developed. On less clear facts we approved service in Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984).
Appellee concedes that the trial court committed error by including in its final judgment a provision for costs and for pre and post judgment interest on the claimed due amounts and attorney's fees. The parties agree that the judgment amount for which the surety is responsible cannot exceed the amount posted by the surety. Ohio Casualty Insurance Co. v. Oakhurst Homes, Inc., 512 So.2d 1156, 1157 (Fla. 2d DCA 1987) (trial court can order the party providing the bond to purchase either an additional bond or an increase the existing bond; cannot increase the liability of the security company beyond the amount of the bond).
Accordingly, we affirm the final summary judgment against the surety but remand for the purpose of striking the costs and fees provision to the extent it contravenes the law as set out above.
ANSTEAD and POLEN, JJ., concur.
STONE, J., dissents with opinion.
*1244 STONE, J., dissenting.
I dissent and would reverse because in my judgment there remain contested issues of fact to be resolved concerning whether the corporation was an authorized agent to receive notice.