PER CURIAM.
We affirm the final judgment and order herein, finding no error.
Gordon Buck d/b/a American Metal Fabricating entered into an oral contract with Pappalardo Construction for the furnishing of metal construction materials. These materials were delivered to the construction site at Bay Colony and incorporated into the improvement. The parties disputed the reasonableness of the delivery time. Pap-palardo Construction did not pay fully for the materials. Buck filed a claim of lien which Vincent J. Pappalardo transferred to a surety bond.
Bay Colony Land Co. and First American Juno Beach Corporation, a joint venture d/b/a Bay Colony, owned the property. Vincent J. Pappalardo was the president and sole shareholder of Bay Colony Land Co. In addition, Vincent J. Pappalardo was the president and sole shareholder of Pap-palardo Construction Co., which acted as the general contractor for the development.
Appellee did not file a notice to owner and filed his claim of lien against Vincent J. Pappalardo, rather than the joint venture. The notice of commencement on the job site listed as the owner the joint venture and gave as the address c/o Vincent J. Pappa-lardo, 4440 P.G.A. Blvd., Suite 501, Palm Beach Gardens, Florida 33410. The contractor was listed as Pappalardo Construction Co. at the same address minus the suite number.
At trial James Palermo, the project manager for Pappalardo Construction, testified that he believed the owner of the property to be Mr. Pappalardo, that he dealt with Mr. Pappalardo, and that he had discussed this information with Mr. Buck who had asked him who owned the property.
Pappalardo testified that as the general agent for the joint venture he went on the job site once or twice a day, and testified as to knowledge and approval of the contract between Pappalardo Construction and Buck.
I
Whether the absence of a notice to owner can be excused depends upon whether privity requires both knowledge and an express or implied assumption of the contract obligation or only knowledge. Appellants argue that both are needed. Appellee responds that only knowledge is required where there is common identity between the owner and general or subcontractor with which the contract was entered. The trial court agreed with appellee, as do we.
In Broward Atlantic Plumbing Co. v. R.L.P., Inc., 402 So.2d 464 (Fla. 4th DCA 1981), this court adopted the reasoning of the second district made in Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969), in concluding there was privity between the claimant and the owners, who were also the principals in the contracting corporation. The said notice to owner was not required. See also Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984), and Fidelity & Deposit Co. v. La Centre *509 Trucking, Inc., 559 So.2d 1242 (Fla. 4th DCA 1990).
Both parties acknowledge that privity is not defined in the mechanic’s lien law. Tompkins Land Co. v. Edge, 341 So.2d 206, 207 (Fla. 4th DCA 1976). The courts have determined when privity arose on the particular facts of each case. A presumption of privity arises where the owner acts as his own contractor and contracts with the lien claimant, albeit in his capacity as contractor. These circumstances relieve the lien claimant of the statutory obligation of section 713.06(2)(a), Florida Statutes, to notify the owner of the claim of lien. Broward Atlantic Plumbing Co., 402 So.2d at 466.
The purpose of the notice to owner requirement is important in determining when such notice is unnecessary; namely, notice to one not in privity with the claimant is to protect an owner from paying to the contractor sums which ought to go to a subcontractor who remains unpaid. Boux, 218 So.2d at 202. The cases finding no privity between owner and subcontractor where the owner did not expressly assume or impliedly assume the obligation to pay are cases in which owner and contractor do not share an identity. Such is not the case here; therefore, Tompkins Land Co. is factually distinguishable.
As appellee points out, findings of fact by the trial court are clothed with a presumption of correctness. Marsh v. Marsh, 419 So.2d 629 (Fla.1982), rev. dismissed, 427 So.2d 737 (Fla.1983). The trial court found privity between the owner and the contractor in the instant case so that notice to owner was not required. If competent, substantial evidence supports the finding, this court should not disturb it. Marcoux v. Marcoux, 475 So.2d 972 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 597 (Fla.1986). The trial court’s findings are supported by the record. Vincent J. Pappalardo knew of and ratified the contract with Buck.
In fact, Pappalardo’s attorney stated at trial, “Obviously we have notice to the owner who knew about it, even though there was no notice to owner.” Appellants’ argument is not based on lack of actual or implied notice. It rests on the requirement of express or implied assumption of the contractual obligation to pay. Since this court, as discussed above, has not recognized an assumption requirement where common identity exists, we affirm the trial court’s holding that the notice to owner requirement was excused.
Nevertheless, we acknowledge conflict between our decision in this ease and Floridaire Mechanical Systems, Inc. v. Alfred S. Austin-Daper Tampa, Inc., 470 So.2d 717 (Fla. 2d DCA), rev. denied, 480 So.2d 1293 (Fla.1985).
II
Both parties agree that the second issue is controlled by section 713.24, Florida Statutes, as amended, which became effective October 1, 1987. This section states in relevant part:
713.24 Transfer of liens to security.—
(1) Any lien claimed under part 1 may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk’s office a sum of money, or
(b) Filing in the clerk’s office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at the legal rate for 3 years, plus $500 to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded.
Prior to the amendment, section 713.24 limited costs to $100. Section 713.29 states that attorney’s fees are taxed as costs. Prior to 1987, Florida case law was clear that the language which limited costs to $100 meant that both a principal and surety of a transfer bond that transferred a me *510 chanic s lien to security were liable for a lien claimant’s attorney’ fees only to the extent of the $100. Gesco, Inc. v. Edward L. Nezelek, Inc., 414 So.2d 535 (Fla. 4th DCA 1982), rev. denied, 426 So.2d 27 (Fla. 1983). See also Old General Ins. Co. v. E.R. Brownell & Assoc., Inc., 499 So.2d 874 (Fla. 3d DCA 1986); Gulfstream Pump & Equip. Co. v. Grosvenor Dev., Inc., 487 So.2d 330 (Fla. 2d DCA 1986).
Appellee asserts that the 1987 revision not only increased the amount the surety was required to post for any imposition of court costs, but also eliminated any restriction on the amount of court costs for which the surety could be held liable. Appellee offers two reasons for this view, which the trial court recounted in its order and which we find persuasive. The first reason is the inconsistency in allowing a lienor to recover attorney’s fees on a mechanic’s lien and limiting the recovery to $100 in costs once the lien is transferred. No apparent reason for the discrepancy exists, particularly since the purpose of the mechanic’s lien law is to protect subcontractors and materi-almen.
The second reason follows from the first. The legislature sought to correct the discrepancy by omitting the language “and costs not to exceed $100.00” in the 1987 revisions. Appellee argues that such an omission is a statutory revision and is not ambiguous, citing Capella v. Gainesville, 377 So.2d 658 (Fla.1979), for the proposition that the omission of a word in the amendment of a statute will be assumed to be intentional. Hence, when the legislature amends a statute by omitting words, the presumption is that the legislature intended the statute to have a different meaning than that accorded it before the amendment. Id. at 660.
Following this view leads to the conclusion that while the amendment increased to $500 from $100 the amount the surety had to post toward any imposition of costs, it repealed the $100 cost recovery limitation so that no limitation now exists on section 713.24 bonds. Appellee notes that a leading treatise on the Florida Mechanic’s Lien Law takes this view. Rakusin, Florida Mechanic’s Lien Manual 16.
The third district failed to find this view appealing. In a recent case, which the parties did not bring to this court’s attention, the third district held that section 713.24, Florida Statutes (1986) [sic], only authorized payment of costs up to $500. (The use of 1986 must be error as this section is not contained in the 1986 Supp. and the increase to $500 was made in 1987.) Fidelity & Deposit Co. v. DiStefano Constr. Inc., 562 So.2d 845 (Fla. 3d DCA 1990). The third district relied on case law prior to the 1987 amendment and did not comment on any effect the deleted words of section 713.24, Florida Statutes (1987) may have had.
We believe the trial court expressed the better view of the 1987 amendment based on both the rules of statutory construction and the philosophy behind the mechanic’s lien law; and we acknowledge conflict with the third district’s decision in Fidelity & Deposit Co.
Finally, appellants argue that any recovery against the surety is limited to the face amount of the bond posted, citing Ohio Cas. Ins. Co. v. Oakhurst Homes, Inc., 512 So.2d 1156 (Fla. 2d DCA 1987). While true that a trial court cannot increase the liability of a security company beyond the amount of the bond, the trial court can order the party providing the bond to increase the amount. Id. at 1157. Appellee asserts that because the surety did not object to the ore tenus motion when appellee made it, it cannot now complain. The trial court stated in its order increasing the bond amount that appellants did not object at the hearing. In addition, as ap-pellee notes, section 713.24(3), Florida Statutes (1987), empowers the trial court to require additional security “at any time, and any number of times.” Accordingly,, we affirm the trial court’s order granting appellee attorney’s fees against the surety, Aetna, and increasing the bond amount.
LETTS, GLICKSTEIN and GARRETT, JJ., concur.