621 So.2d 486 (1993)
MIRROR AND SHOWER DOOR PRODUCTS, INC., Appellant,
v.
SEABRIDGE, INC., and Mr. and Mrs. Jennings, Appellees.
No. 93-0222.
District Court of Appeal of Florida, Fourth District.
May 26, 1993.
Michael J. Burley of Michael J. Burley, P.A., Jupiter, for appellant.
Raymond M. Masciarella, II, Raymond M. Masciarella, II, P.A., North Palm Beach, for appellees Jennings.
PER CURIAM.
This is a fastrack appeal from the trial court's order granting the Jennings' motion to dismiss appellant's amended complaint for foreclosure of a construction lien. The delay in resolving this case was caused by our discovery that the order on appeal was a nonfinal, nonappealable order. But for Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991), we would have dismissed for lack of jurisdiction. The parties have now submitted a final appealable order and we proceed to address the issues on the merits. We affirm in part and reverse in part.
It is undisputed that appellant failed to serve a written notice to owner upon the Jennings in the form required by section 713.06(2)(b), Florida Statutes (1991). Rather, appellant alleged that it hand delivered a notice to the Jennings which complied with the pre-amendment statute, and orally gave the warnings now required by that section.
The trial court properly dismissed Count I of appellant's complaint for failure to *487 state a cause of action, in that appellant failed to substantially comply with the notice to owner provision of section 713.06(2)(c), Florida Statutes (1991), and thus failed to satisfy a prerequisite to perfecting a construction lien. It is well settled that mechanics' liens are purely creatures of statute and as such, must be strictly construed. Aetna Casualty & Surety Co. v. Buck, 594 So.2d 280, 281 (Fla. 1992). The purpose of the notice to owner is to protect an owner from the possibility of paying his contractor monies which ought to go to a subcontractor who remains unpaid. Id. The 1991 amendments to Chapter 713 followed the findings of The Mechanics' Lien Law Study Commission contained in the Commission's 1990 Report to the Governor. Section 713.06(2)(c) was amended to provide in part: "The notice must be in substantially the following form...." Section 713.06(2)(c), Florida Statutes (1991) (emphasis added). This language indicates the legislature's intent that the notice include all of the several warnings contained in that section, in substantially the form provided. There is no indication that a proper notice could be "served" as required by section 713.06(2)(a), by being orally recited to the owner. Thus, the plain language of section 713.06 indicates the legislature's intent that service of a written notice which includes the warnings contained in section 713.06(2)(c) is a prerequisite to perfecting a lien under Chapter 713.
Appellant had failed to provide this court with support for its assertion that orally reciting the warnings and information contained in section 713.06(2)(c) constitutes substantial compliance with that section. Rather, it appears that only immaterial errors and omissions in the form of the notice have been excused by the courts. See Fidelity & Deposit Co. v. Delta Painting Corp., 529 So.2d 781 (Fla. 4th DCA 1988) (service of notice to owner upon corporate owner's office staff showed substantial compliance with the notice to owner requirement and the absence of owner's name on notice was inconsequential to the establishment of the lien); Symons Corp. v. Tartan-Lavers Inc., 456 So.2d 1254 (Fla. 4th DCA 1984) (designation of an owner in the notice to owner will be sufficient if the owner, or others, were not misled, prejudiced or injured by the claimed defect, and error in lienor's name not fatal in that the names were sufficiently similar to apprise the defendant against whom the claimant had asserted the lien).
While we affirm the dismissal of Count I of appellant's complaint against the Jennings, we reverse the trial court's order in so far as it dismissed Count II against Seabridge, Inc. There is no indication that such a dismissal was sought. Therefore, we affirm the dismissal of Count I, reverse the dismissal of Count II, and remand with instructions to reinstate Count II of appellant's complaint against Seabridge, Inc.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
GLICKSTEIN, C.J., and POLEN and FARMER, JJ., concur.