STONE, Judge.
We grant certiorari and quash an order that requires Petitioner, as principal on a preexisting lien transfer bond, although not a party to the lawsuit, to increase the face amount of the bond for the purpose of adding coverage for attorney’s fees and costs incurred by the claimant in excess of the face amount of the original bond.
In a prior appeal in this case, Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280 (Fla.1992), the supreme court determined that a surety’s liability for attorney’s fees could not be imposed beyond the face amount of the bond in order to cover costs. In reaching this conclusion, the court said:
While section 713.24(3) allows a trial court to order the party providing the bond to either purchase an additional bond or increase the existing bond, or to otherwise provide increased security, the statute does not permit the trial court to increase the liability of the surety beyond the amount of the bond.
Id. at 283 (citations omitted).
Buck, the plaintiff, now seeks, by a post-judgment motion, to increase the face amount of the transfer bond to cover fees and costs that were awarded to the plaintiff. Petitioner Pappalardo, the principal on that bond, apparently is a part owner, through a joint venture, of the property on which the construction was taking place.
Buck did not sue Pappalardo, the joint venture, or the other joint venturers. Rather, Buck sued only Aetna and Pappalar-do’s construction company, a corporation. Merely by having initially obtained the transfer bond, Pappalardo has not submitted himself to the court’s jurisdiction in any manner that would subject him to liability in excess of the face amount of the bond. Petitioner has filed only a limited appearance. He has never been made a party to the action, has never been served with process, and has not had any other order or judgment imposing liability entered against him.
We do not construe the supreme court’s opinion in Buck as authority for imposing this additional obligation on Pappalar-do. The principal on a bond to which there has been a transfer from lien must be made a party to be held personally liable. Canam Sys., Inc. v. Lake Buchanan Dev. Corp., 375 So.2d 582 (Fla. 5th DCA 1979), cert. denied, 386 So.2d 634 (Fla.1980); Vic Tanny of Florida, Inc. v. Fred McGilvray, Inc., 348 So.2d 648 (Fla. 3d DCA 1977).
In Pappalardo Construction Co. v. Buck, 630 So.2d 682 (Fla. 4th DCA), rev. denied, 639 So.2d 976 (Fla. 1994), where respondent first attempted to hold the contractor and the surety personally liable for attorney’s fees, this court recognized that:
*424 Although the trial court has authority, pursuant to statute, to order the principal on the bond to increase the bond amount, or to enter a judgment for attorney’s fees against the owner, neither the principal on the bond, Vincent Pappalardo, nor the owner, were parties to the lawsuit.
Id. at 684. As the statute of limitations has long run, it is too late to join Petitioner as a party at this time. In any event, the petition also reflects that after final judgment, Buck moved to add Pappalardo individually as a party. That motion was denied and Buck has not appealed the trial court’s order.
Therefore, we grant the petition and quash the order requiring Pappalardo to increase the amount of the bond.
GUNTHER, C.J. and PARIENTE, J., concur.