GROSS,J.
We reverse an order of the circuit court dismissing a mechanic’s lien claim because the lienor failed to file a notice to owner. The lienor signed a contract with the corporate owner of the property and began work; the corporate owner then transferred the property to an affiliated corporation, which was the owner at the time suit was filed. Under these circumstances, the lienor was not required to file the notice to owner required by Chapter 713.
Marble Unlimited, Inc. is a granite coun-tertop subcontractor. Beginning in 2003, Marble contracted with Weston Real Estate Investment Corporation (“Weston Investment”) to renovate buildings within a condominium complex. From 2003 to 2007, Marble completed the renovations on buildings 3 through 8 and received payment from Weston Investment.
In August 2006, Marble entered into two separate contracts for work on building 9 of the complex. As with the prior contracts, the owner identified in both contracts was Weston Investment. The contracts were signed by John Genoni, Jr., an officer of Weston Investment. Marble performed under the contracts and in 2008 filed claims of lien against various units, referencing its contracts with Weston Investment. Notices of contest of lien were filed by one John Genoni on behalf of the two corporations identified as owners— Weston Investment and Weston Real Estate Development, LLC (“Weston Development”).
Marble filed a complaint in the circuit court for breach of contract and to foreclose the mechanic’s liens on building 9’s individual units. The complaint brought suit against both Weston Investment and Weston Development, the latter being the owner of the units at the time the suit was filed. The case proceeded to a jury trial, and the jury awarded Marble $112,237.29 in damages against Weston Investment on the contract claims.
The lien claims were decided non-jury. The circuit judge dismissed the lien claims against Weston Development because Marble had not served a notice to owner on Weston Development pursuant to section 713.06, Florida Statutes (2010).
*288 A lienor who is in privity with the owner is not required to serve a notice to owner, as required by section 713.06. § 713.05, Fla. Stat. (2010); King v. Brickellbanc Sav. Ass’n, 551 So.2d 604, 605 (Fla. 5th DCA 1989). Whether privity[1] exists is a factual inquiry requiring “both knowledge by an owner that a particular subcontractor is supplying services or materials to the job site and an express or implied assumption by the owner of the contractual obligation to pay for those services or materials.” C.L. Whiteside & Assocs. Constr. Co., Inc. v. Landings Joint Venture, 626 So.2d 1051, 1052-53 (Fla. 4th DCA 1993) (citing Harper Lumber & Mfg. Co. v. Teate, 98 Fla. 1055, 125 So. 21 (1929)). Here, at the time work commenced, Marble was in privity with Weston Investment, having signed two contracts where Weston Investment had identified itself as an owner, similar to the way Marble had completed renovations on the previous six buildings. Marble was therefore not required to file a section 713.06(2)(a) notice to owner after it commenced work on building 9.
After it contracted with Marble as the owner, Weston Investment could not trigger a duty on the part of Marble to file a notice to owner by transferring ownership of the condominium units to a related corporation, Weston Development. That the corporations were related is evident in the record — John Genoni filed notices of contest on behalf of both corporations and John Genoni, Jr. signed the original contracts on behalf of Weston Investment.[2] To affirm the judgment of dismissal under these circumstances would be to allow corporate owners to play a shell game with ownership and frustrate the valid claims of contractors who complete work on real property.
The principle of fairness that compels the result in this case is almost identical to the situation where “a common identity exists between the owner and the contractor.” Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 282 (Fla.1992). The concept of common identity “was established in order to allow a lienor, who serves notice to an individual serving in a dual corporate capacity for both the owner and general contractor, to enforce its lien when no prejudice exists for failing to serve the owner.” Fla. Wood Servs., Inc. v. Osprey Links Joint Venture, 720 So.2d 591, 593 (Fla. 5th DCA 1998) (stating that the purpose of the common identity exception is to “prevent ... related parties from reaping a windfall”).
For example, in Boux v. Fast Hillsborough Apartments, Inc., 218 So.2d 202, 202 (Fla. 2d DCA 1969), the corporate owner of the property against which a lien was claimed was wholly owned by the corporate contractor, which had contracted directly with the subcontractor. Emphasizing that “[t]he purpose of the notice [requirement] is to protect an owner from the possibility of paying over to his contractor sums which ought to go to *289 a subcontractor who remains unpaid,” the second district held that the failure to file notice to owner was not fatal to the lien claim against the corporate owner, since the same husband and wife were officers of both the owner-corporation and the contractor-corporation. Id.; see also Broward Atl. Plumbing Co. v. R.L.P., Inc., 402 So.2d 464, 466 (Fla. 4th DCA 1981) (finding privity, and therefore no notice requirement, where it “[wa]s undisputed that the three owners ... were also the principals in the contracting corporation”).
For these reasons, we reverse the final judgment of dismissal and remand for the entry of a mechanic lien foreclosure judgment against Weston Development.
DAMOORGIAN, J., and HANZMAN, MICHAEL, Associate Judge, concur.

. As stated by the Florida Supreme Court:
The word "privity” as used in the lien statute, providing for the acquisition of liens by persons in privity with the owner, against the latter’s real property, is not employed in the technical sense of the common law, but implies special knowledge showing active consent or concurrence.
Foley Lumber Co. v. Koester, 61 So.2d 634, 639 (Fla.1952) (quoting First Nat’l Bank of Tampa v. S. Lumber & Supply Co., 106 Fla. 821, 145 So. 594, 596 (1932)).

. We also note that in opposition to the motion for rehearing, Weston Development filed the 2011 annual report for both Weston Investment and Weston Development, which showed that Genoni, Jr. was affiliated with both corporations and that the corporations shared the same principal address and mailing address.