DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**JEFFREY L. KATZELL, M.D., P.A.** a/a/o **SYLVIANE LOUVRIER,**
Appellee.

No. 4D21-1044

[June 23, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jennifer Hilal, Judge; L.T. Case Nos. COSO16-11377 and COCE19-20798 (48).

Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee, and Garrett A. Tozier of Shutts & Bowen LLP, Tampa, for appellant.

Matthew Emanuel of Landau & Associates, P.A., Sunrise, for appellee.

***ON CONFESSION OF ERROR***

DAMOORGIAN, J.

In this action for unpaid personal injury protection ("PIP") benefits, Allstate Fire and Casualty Insurance Company ("Allstate") appeals the final summary judgment entered in favor of Jeffrey L. Katzell, M.D., P.A. a/a/o Sylviane Louvrier ("Provider"). The court entered judgment in Provider's favor on the basis that Allstate made improper overpayments for X-ray and MRI procedures by reimbursing at the higher 2007 non-facility limiting charge rather than at the lower 2007 non-facility participating price. Based on the recent decision in *Priority Medical Centers, LLC v. Allstate Insurance Co.,* 46 Fla. L. Weekly D978 (Fla. 3d DCA Apr. 28, 2021), wherein the Third District held that the proper reimbursement rate for these types of services is the higher 2007 non-facility limiting charge and not the lower 2007 non-facility participating price, Provider has filed a confession of error in this case. We accept the confession of error and reverse.

There is no dispute as to the underlying facts in this case. Sylviane Louvrier, the insured, sought medical treatment from Provider for injuries he sustained in a car accident. Provider obtained an assignment of PIP benefits under the insured's policy with Allstate and submitted bills for reimbursement to Allstate. Out of the $10,000 available in PIP benefits, Allstate paid Provider the sum of $281.33 and denied the remainder of Provider's bills because benefits were exhausted.

Provider thereafter sued Allstate, arguing that Allstate "improperly and/or gratuitously" exhausted benefits by issuing payments to Independent Imaging LLC, a different medical provider that also treated the insured. Specifically, Provider argued that Allstate improperly reimbursed Independent Imaging LLC at the higher 2007 non-facility limiting charge rather than at the lower 2007 non-facility participating price for CPT codes 72110 (lumbar X-ray), 72050 (cervical X-ray), 72141 (cervical MRI), and 72148 (lumbar MRI). Had Allstate paid Independent Imaging LLC pursuant to the lower 2007 non-facility participating price, then additional benefits would have remained to satisfy Provider's bills. The court ultimately agreed with Provider, concluding that Allstate's "payment made over the amount of the Participating Physicians fee schedule of Medicare Part B was gratuitous and should not count against the $10,000 PIP limit." The court then entered final summary judgment in favor of Provider in the amount of $124.17. This appeal follows.

In *Priority Medical Centers, LLC*, the Third District recently clarified that, under the current PIP statute, the proper reimbursement rate for these types of services is the higher 2007 non-facility limiting charge, not the lower 2007 non-facility participating price. 46 Fla. L. Weekly at D979. In so holding, the court explained:

> Before 2012, the PIP statute expressly referenced the Medicare Part B for 2007 "participating physician" fee schedule. In 2012, the Florida Legislature amended the PIP statute to remove the phrase "participating physician" from section 627.736(5)(a)2. and replaced it with "applicable schedule." The relevant statute now reads:
>
> > 2. For purposes of subparagraph 1., the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the service year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable

2

fee schedule or payment limitation applies to services, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B. For purposes of this subparagraph, the term "service year" means the period from March 1 through the end of February of the following year.

Section 627.736(5)(a)2., Florida Statutes (2016) (emphasis added). When the legislature amends a statute by omitting words, the general rule of construction is to presume that the legislature intended the statute to have a different meaning from that accorded it before the amendment. *Aetna Cas. & Sur. Co. v. Buck*, 594 So. 2d 280, 283 (Fla. 1992) (citing *Capella v. City of Gainesville*, 377 So. 2d 658 (Fla. 1979)).

With that in mind, there are two available Medicare Part B Fee Schedule reimbursement possibilities for the MRI procedure at issue: the non-facility participating price or the non-facility limiting charge. The record on appeal indicates that the Centers for Medicare & Medicaid Services search tool provides the following amounts:

• 200% of the non-facility participating price for CPT code 72148 in **2016** in Broward County is $464.18.
• 200% of the non-facility participating price for CPT 72148 in **2007** in Broward County is $1,140.92.
• 200% of the non-facility limiting charge for CPT 72148 in **2007** in Broward County is $1,246.46.

(Emphasis added).

Allstate's policy elected to use the schedule of maximum charges or fee schedules for reimbursement of PIP claims under section 627.736(5)(a)2., referenced above. The Florida PIP statute instructs insurers that they may limit reimbursement in accord with the terms of the statute, but that reimbursement may not be less than what is allowable under the 2007 Medicare fee schedule, i.e., the "applicable schedule." Thus, when an insurer calculates the

3

reimbursement, it must first compare the amount for the Medicare fee schedule in effect at the time services were rendered, in this case 2016, with the applicable schedule for 2007, and then pay the higher of the two amounts. For the 2016 medical charges at issue in this case, Allstate compared the 2016 "non-facility participating price" to both the 2007 "non-facility participating price" and the 2007 "non-facility limiting charge," and paid based on the 2007 "non-facility limiting charge" because it was the highest allowable amount.

On June 14, 2016, Allstate paid $1,246.46 to Priority Medical, which is 200% of the non-facility limiting charge in 2007 for Broward County. Priority Medical argues that for the MRI procedure at issue, 200 percent of the allowable amount under the "participating physician" fee schedule of Medicare Part B is $464.18 for 2016 and $1,140.92 for 2007. Priority Medical argues that the plain language of the statute required Allstate to compare the $464.18 with the $1,140.92 and to pay the higher of the two. Priority Medical relies on *Millennium Diagnostic Imaging Center., Inc. v. Security National Insurance Co.*, 882 So. 2d 1027, 1029–30 (Fla. 3d DCA 2004), and *Advanced Diagnostics Testing v. Allstate Insurance Co.*, 888 So. 2d 663–64 (Fla. 3d DCA 2004) in which this Court held that the amount of PIP benefits payable to MRI providers is based on the participating physicians fee schedule and not on the limiting charge. We note that these cases relied on the pre-2012 amendment language "participating physician," which the Legislature removed and replaced with "applicable schedule." These cases are not applicable to the current PIP/Medicare statutory reimbursement language at issue here. Under the current version of the PIP statute, and giving effect to the 2012 legislative amendment, the highest reimbursement allowable fee schedule of Medicare Part B is the non-facility limiting charge for 2007, which was the amount on which Allstate was required to base its reimbursement to Priority Medical for the MRI procedure at issue.

*Id.* at D979–80.

We adopt the reasoning in *Priority Medical Centers, LLC* and hold that Allstate properly reimbursed Independent Imaging LLC at the higher 2007 non-facility limiting charge for CPT codes 72110, 72050, 72141, and 72148. As the Provider did not contest any other payments made by

4

Allstate, we reverse and remand for entry of final summary judgment in Allstate's favor. *See Northwoods Sports Med. & Physical Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 137 So. 3d 1049, 1057 (Fla. 4th DCA 2014) ("Once the PIP benefits are exhausted through the payment of valid claims, an insurer has no further liability on unresolved, pending claims, absent bad faith in the handling of the claim by the insurance company.").

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**